UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM VALENTINO,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-05043-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 22 |

## I. INTRODUCTION

This case arises from a non-judicial foreclosure of residential property. Plaintiff Abraham Valentino sued in state court, pursuant to the California Homeowner Bill of Rights, to block the sale of his home in Tiburon, California. Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association, N.A. ("U.S. Bank") removed the case to this Court based on diversity jurisdiction, and now move to dismiss Valentino's First Amended Complaint ("FAC," dkt. 18). The Court finds the motion suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and **vacates the hearing schedule for February 13, 2015**. For the reasons stated below, Defendants' Motion is GRANTED IN PART, and the FAC is DISMISSED WITH LEAVE TO AMEND. If Valentino chooses to file a second amended complaint, he must do so **no later than March 12, 2015**.[1]

## II. BACKGROUND

### A. The Homeowner Bill of Rights

This case is based on a purported violation of the protections afforded by the California Homeowner Bill of Rights, specifically California Civil Code section 2923.6. That statute

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

attempts to eliminate the practice whereby financial institutions continue to pursue foreclosure even while evaluating a borrower's loan modification application, commonly known as dual tracking. *See Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904 (2013). The following subparts of section 2923.6 are relevant to this action:

> (c) If a borrower submits a *complete* application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
>> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>>
>> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>>
>> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.
>
> . . .
>
> (g) In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, *unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer*.
>
> (h) For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.

Cal. Civ. Code § 2923.6 (emphasis added). The Homeowner Bill of Rights provides a private right of action of action for injunctive relief "[i]f a trustee's deed upon sale has not been recorded," and for damages if the deed upon sale has been recorded. *Id.* § 2924.12(a), (b).

### B. Valentino's Allegations[2]

Valentino obtained a loan from CMG Mortgage Services, Inc. ("CMG") in April of 2006, and executed a promissory note and a deed of trust secured by the property at issue. FAC ¶ 6. At some point thereafter, the note was transferred to U.S. Bank. *Id.* Valentino later sought to obtain a loan modification to lower his interest rate. *Id.* ¶ 7. He "defaulted on his loan to satisfy the lender's precondition for modification" and submitted an application for modification. *Id.* The FAC alleges that the application was neither denied nor approved because "the lender or loan servicer went out of business, thereby failing to complete the processing of [the] modification application." *Id.* Valentino's original Complaint alleged that this application was denied. NOR Ex. A ¶ 8.

On June 30, 2013, Valentino submitted a second modification application, "stating materially changed financial circumstances, to wit, reduced income." FAC ¶ 8. SPS acknowledged received of that application by letter dated August 28, 2013. *Id.* On September 20, 2014, Valentino received notice that Defendants had set a foreclosure sale date of October 22, 2014. *Id.* ¶ 10.

Valentino alleges that the intended foreclosure sale violates the California Homeowners' Bill of Rights, Cal. Civ. Code §§ 2920 *et seq.*, because Valentino's loan modification application was outstanding at the time that Defendants proceeded with the foreclosure. *Id.* ¶¶ 13−14. He seeks damages and injunctive relief. *Id.* ¶¶ A−G (prayer for relief).

### C. Procedural History

Valentino filed this action in the Superior Court of California for the County of Marin on October 17, 2014. *See generally* Notice of Removal ("NOR," dkt. 1) Ex. A (Valentino's original Complaint). He applied for and received a temporary restraining order barring Defendants from selling the property. *Id.* Ex. C at ECF pp. 20−21. Defendants then removed the case to this Court pursuant to 28 U.S.C. § 1441, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. NOR at 1−4.

---

[2] Valentino's factual allegations are taken as true for the purpose of Defendants' motion to dismiss.

Defendants moved to dismiss Valentino's Complaint, *see* dkt. 7, and Valentino represented in opposition that he could amend the Complaint to address Defendants' concerns, *see* dkt. 16. Based on Valentino's representations, the Court instructed Valentino to file an amended complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, *see* dkt. 17, and Valentino filed his FAC on December 12, 2014. Defendants now move to dismiss the FAC.

### D.     The Motion to Dismiss and Valentino's Opposition

Defendants' Motion identifies several purported deficiencies in Valentino's FAC. First, Defendants argue that "although [Valentino] alleges he submitted a loan modification application, there is still no allegation that it was complete." Mot. (dkt. 22) at 7. Because Civil Code section 2923.6(c) only bars foreclosure sales while a "complete" application is pending, Defendants contend that Valentino's failure to specifically allege that his application was "complete" renders his FAC inadequate. *Id.*; *see also* Cal. Civ. Code § 2923.6(h) (defining a "complete" application as one which includes "all documents required by the mortgage servicer," submitted "within the reasonable timeframes specified by the mortgage servicer"). Valentino argues in response that the it is not incumbent on a plaintiff to show that his application was complete, and that the statutory scheme instead creates an affirmative defense if a mortgage service can show that the application was *not* complete. Opp'n (dkt. 24) at 2. Valentino also argues that his allegations support "the clear implication" that the application was complete, and that if his allegations are not sufficient, he can further amend his complaint to allege that he submitted a "complete" application. *Id.* Neither party cites any authority for their positions on this issue.

Second, although Valentino alleges that he notified SPS of changed financial circumstances, Defendants argue that the specific change that occurred—a reduction in Valentino's income—was not plausibly material to his ability to qualify for a loan modification. Mot. at 7−8; *see* FAC ¶ 8. Defendants suggest that Valentino would need to show *increased* income in order to satisfy the "material change" requirement. *See* Mot. at 8. Valentino responds that a reduced income may be relevant to a borrower's ability to obtain a modification, as evidenced by the common requirement that borrowers default on their loan before applying for a modification. Opp'n at 2; *see also* FAC ¶ 7 (alleging that this requirement applied to Valentino's

4

1   loan). In their Reply, Defendants concede that it "seems true" that borrowers with reduced income
2   are more likely to seek modifications, but contend that "[w]ithout allegations plausibly showing
3   how this worse financial position could potentially qualify him for a loan modification,
4   [Valentino] has not sufficiently alleged a 'material' change." Reply (dkt. 26) at 2. Again, neither
5   party cites any authority for their positions on this issue.

6   Also on the subject of changed financial circumstances, Defendants argue that although
7   Valentino alleges that he *notified* SPS of his reduced income, he does not allege that he
8   *documented* that change or submitted such documentation to SPS. Mot. at 8. Defendants cite a
9   decision of the Southern District of California for the proposition that a "plaintiff must allege facts
10  showing that [he or] she not only submitted stated the material change to the services but also
11  provided supporting documentation of the change." *Id.* (citing *Ware v. Bayview Loan Servicing,*
12  *LLC*, No. 13-CV-1310 JLS (NLS), 2013 WL 6247236, at *6 (S.D. Cal. Oct. 29, 2013)). Valentino
13  does not respond to this argument. *See generally* Opp'n.

14  Next, Defendants argue that Valentino failed to specify the timing of his changed income,
15  and specifically that he failed to allege that a material change occurred after January 1, 2013. Mot.
16  at 8. Valentino argues that because "loan applications require current statements of income," the
17  Court can infer that his application described a change occurring after January 1, 2013. Opp'n at
18  2.

19  Finally, Defendants argue that "there is no allegation that the defendants recorded the
20  notice of trustee's sale while a loan modification was pending." Mot. at 8. Defendants contend
21  that "this temporal connection" is required by section 2923.6(c). *Id.* Valentino responds that he
22  has alleged that he did not receive notice of the foreclosure sale until well after submitting his
23  modification application, but that he lacks "first-hand knowledge of the recording date." Opp'n at
24  3. Defendants argue that whether Valentino had first-hand knowledge of the recording date is
25  irrelevant, and that regardless of what Valentino knew at the time, he must show that a complete
26  application was pending at the time Defendants recorded the notice of sale. Reply at 2. Neither
27  party cites case law in support of their positions.

28

5

### III. ANALYSIS

#### A. Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

#### B. Completeness of Application

Valentino has cited no authority for the proposition that "the use of the word 'complete' in the statute offers an affirmative defense" rather than an element of a plaintiff's claim. *See* Opp'n

at 2. Absent such authority, the Court concludes that it is Valentino's burden to adequately plead that he submitted a complete application. *See, e.g.*, *Penermon v. Wells Fargo Bank, N.A.*, No. 14-CV-00065-KAW, 2014 WL 2754596, at *11 (N.D. Cal. June 11, 2014) (dismissing a "§ 2923.6 cause of action with leave to amend to plead that the application was complete").

Because the FAC is subject to dismissal for the reasons discussed in the following section of this Order, the Court need not determine whether Valentino's allegation merely that he submitted an application is sufficient to support an inference that the application was complete. However, if Valentino chooses to file a second amended complaint, he should include more detailed allegations regarding the nature of his application, including an allegation that the application was complete, and may wish to consider attaching a copy of the application to his complaint.

### C. Materiality, Documentation, and Timing of Changed Financial Circumstances

As a starting point, the Court finds no basis to conclude that a reduction in income cannot satisfy the "material change" requirement of section 2923.6(g). It is plausible that a borrower's initial modification request could be rejected because the lender concludes that the borrower is still solvent enough to satisfy the original terms, and that the borrower's subsequent loss of income could alter that conclusion and weigh in favor of approving modification. If the legislature had intended that section 2923.6(g) apply only where an applicant can show financial *improvement*, it could have included that requirement in the statute. With no such requirement on the face of the statute, and Defendants citing no authority in support of their position, the Court declines to so limit the statute's protection—at least where there is no indication that the earlier application was denied for insufficient income. Whether Valentino's loss of income in this case was "material" for the purpose of the statute is a question of the merits, not a basis to dismiss his claim at the pleading stage.

Although Valentino's income reduction may be a material change, that is not all that section 2923.6(g) requires. The change must be "documented," and it must occur "since the date of the borrower's previous application." Cal. Civ. Code § 2923.6(g). This Court has previously interpreted the latter requirement, in the context of "th[is] statute's non-retroactive nature," to

1    require "that the material change needs to have occurred not only after the borrower's previous
2    application, but also after January 1, 2013." *Rockridge Trust v. Wells Fargo NA*, No. 13-CV-
3    01457-JCS, 2014 WL 688124, at *21−22 (N.D. Cal. Feb. 19, 2014). Here, Valentino's FAC fails
4    to allege compliance with either of these requirements, and the Court GRANTS Defendant's
5    motion to dismiss the FAC on that basis.

6    With respect to documentation, the Southern District of California held in *Ware* that the
7    statute requires more than mere notice, and that submitting a letter "bereft of any details or
8    documentation" does not meet the requirement. *Ware*, 2013 WL 6247236, at *6. This is
9    consistent with the statute itself, which requires that the change in circumstances be
10   "documented," *see* Cal. Civ. Code § 2923.6(g), and at least one other court has reached the same
11   conclusion. *See Williams v. Wells Fargo Bank, NA*, No. EDCV 13-02075 JVS, 2014 WL
12   1568857, at *5 (C.D. Cal. Jan. 27, 2014).

13   The letter in *Ware* stated only that the "borrowers' financial circumstances have materially
14   changed as their income and expenses have changed since they last submitted an application for
15   foreclosure alternatives. Specifically, the borrowers' routine expenses have increased which is a
16   material change of circumstance." *Ware*, 2013 WL 6247236, at *6 (quoting the letter, which was
17   submitted as an exhibit to the plaintiffs' complaint in that case). Here, Valentino similarly alleges
18   only that his second application "stat[ed] materially changed financial circumstances, to wit,
19   reduced income." FAC ¶ 8. This allegation is not sufficient to show that he "documented" his
20   changed circumstances, *see* Cal. Civ. Code § 2923.6(g), and Valentino fails to present any
21   argument in his Opposition as to why it would be sufficient, *see generally* Opp' n. It may be that
22   Valentino's application in fact included sufficient documentation, but—if so—he must provide
23   more detailed allegations to support that conclusion.

24   The FAC also fails to allege that Valentino's changed circumstances occurred before
25   January 1, 2013. In his Opposition, Valentino argues that "[i]nasmuch as loan applications require
26   current statements of income—not next year's or last year's—the court can fairly infer that that
27   the reduced income stated in Defendant's [sic] 30 June 2014 application occurred after 1 January
28   2014." Opp'n at 2. Even if the Court can assume that the application required a "current

8

statement of income," and even setting aside the inconsistency of the Opposition referencing dates in 2014 while the FAC alleges that the application was filed in June of 2013, *see* FAC ¶¶ 8, 15, Valentino's allegations do not satisfy the statute. The question is not whether Valentino's application stated his then-current income, it is *when* the reduction in income occurred. Valentino's submission of a "current income statement" in June of 2013 (or 2014) showing lower income than his first application does not indicate that the reduction occurred after January 1, 2013, but instead only that his income decreased at some unknown time since his previous application—the date of which is not stated in the FAC. In order to state a claim, Valentino must allege that the documentation he submitted to Defendants showed that his income materially decreased after January 1, 2013.

### D. Relative Timing of Application and Notice of Trustee's Sale

Defendants also argue that the FAC is deficient for failing to allege "that the defendants recorded the notice of trustee's sale while a loan modification application was pending," or in other words, that Valentino submitted his application before Defendants recorded the notice of sale. Mot. at 8 (citing Cal. Civ. Code § 2923.6(c)). Valentino's response, that he lacks knowledge of the recording date, is not particularly compelling—even assuming that lack of knowledge is relevant, Valentino has not explained why he would not have access to publicly recorded documents. *See* Opp'n at 3.

Defendants argument nevertheless fails, however, because the "temporal connection" that they claim is necessary, *see id.*, appears nowhere in the statute that they cite. Section 2923(c) reads, in full, as follows:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has

9

>expired.
>
>(2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
>(3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923(c). Nothing in this provision requires that a modification application be submitted before a notice of sale is recorded, and Defendants cite no other authority for such a requirement. From the face this provision alone, it appears that a complete modification application submitted after the notice of sale could still serve to prevent the lender from "conduct[ing] a trustee's sale" while the application is pending. *See id.*

### E. Leave to Amend

Defendants argue that Valentino should be denied leave to further amend because he was on notice, before filing the FAC, of Defendants' arguments in their motion to dismiss the original Complaint. Mot. at 9. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In this case, where the Court did not reach Defendants' first motion because Valentino's FAC rendered it moot, the Court cannot conclude with certainty that Valentino's claim cannot be saved by further amendment. The Court therefore DENIES Defendants' request to dismiss this action with prejudice, and grants Valentino leave to file a second amended complaint. If Valentino chooses to do so, the second amended complaint must address the deficiencies discussed above.

If the case goes forward, both parties may wish to consider providing the documents at issue, to more efficiently determine whether Valentino *has* a claim as opposed to merely whether he has correctly *stated* one. Documentary submissions at the pleading stage are not uncommon in foreclosure cases. *See, e.g.*, *Rockridge Trust*, 2014 WL 688124, at *2 & n.3 (taking judicial notice of documents submitted by the defendants in support of their motion to dismiss); *Ware*, 2013 WL 6247236, at *5 (considering application documents attached to the plaintiffs' complaint). Although a court generally may not consider materials beyond the pleadings under Rule 12(b)(6),

a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," Fed. R. Civ. P. 10(c), and adequate documentation may help Valentino to overcome any further inartful pleading. Further, a court may take judicial notice of matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), and may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading," *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (brackets and citation omitted). Defendants may be able to submit documents showing Valentino's application to be inadequate and dismissal with prejudice to be appropriate.

## IV.  CONCLUSION

For the reasons discussed above, Valentino's First Amended Complaint is DISMISSED WITH LEAVE TO AMEND. Any further amended complaint must cure the deficiencies noted above and must be filed **no later than March 12, 2015**. If any later stage of this case requires briefing, both parties are instructed to cite case law supporting their legal arguments.

**IT IS SO ORDERED.**

Dated: February 10, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge