UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM VALENTINO,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-05043-JCS<br><br>**ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>**ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 34 |

## I. INTRODUCTION

Plaintiff Abraham Valentino has filed an application for a temporary restraining order ("TRO") preventing Defendants Select Portfolio Servicing, Inc., U.S. Bank National Association, and the Ronald D. Roup Law Corporation from proceeding with a foreclosure sale of Plaintiff's home. *See* Dkt. 34. The Court finds the application suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Plaintiff's application is GRANTED. Defendants and their agents, employees, and assignees are ORDERED not to sell auction, attempt to sell or auction, cause to sell or auction, transfer ownership or title of, evict occupants by any means from, or otherwise further encumber the real property located at 11 Sugar Loaf Drive, Tiburon, California 94920 until the Court determines whether a preliminary injunction should issue, to occur no later than fourteen days from the date of this Order.[1]

The parties are ORDERED to submit simultaneous briefs and declarations no later than 11:30 AM PDT on Friday, April 17, 2015 to show cause why a preliminary injunction should or

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

should not issue, and simultaneous response briefs no later than 11:30 AM PDT on Wednesday, April 22, 2015. A hearing will occur at 9:30 AM PDT on Friday, April 24, 2015 in Courtroom G of the San Francisco federal courthouse at 450 Golden Gate Avenue.

## II.   BACKGROUND

This Order does not attempt to recount the full factual and procedural history of this action, and instead summarizes only those aspects of the background relevant to the present application.

Valentino filed this action in state court in October of 2014 alleging that Defendants violated the California Homeowner's Bill of Rights by proceeding with foreclosure while a loan modification application was pending. The state court granted Valentino's application for a TRO, and ordered Defendants to show cause why a preliminary injunction should not issue by filing a response no later than November 10, 2014 and attending a hearing on November 18, 2014. Defendants removed the case to this Court on November 14, 2014 asserting diversity jurisdiction. There is no indication in the record that Defendants complied with the state court's order to show cause—specifically, the deadline for a written response four days before Defendants removed the case—and Valentino did not renew his application for a preliminary injunction in this Court after removal.

The Court granted Defendant's motion to dismiss Valentino's first amended complaint on February 10, 2015, but granted Valentino leave to amend his complaint no later than March 12, 2015. At a case management conference on February 13, 2015, Valentino's counsel suggested that mediation would be worthwhile, and proposed extending the deadline for an amended complaint so the parties could focus on settlement. Defendants' counsel endorsed this approach. The Court referred the case for mediation within ninety days and extended the deadline for a second amended complaint by ninety days, resulting in a new amendment deadline of June 10, 2015.

Valentino now moves for a new TRO on the basis that his counsel first learned on Monday, April 13, 2015 that Defendants intend to proceed with a foreclosure sale on Wednesday, April 15, 2015. Valentino asserts that the parties' conduct until now implied the continuing validity of the state court TRO. Defendants argue that the earlier TRO expired as a matter of law,

1  and that they are free to proceed with the sale because Valentino's loan application has now been
2  denied and the period for an appeal has passed. Defendants do not dispute or otherwise address
3  Valentino's contention that he had only two days' notice of the impending foreclosure sale.

### III.  ANALYSIS

The legal standard for a TRO is substantially identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Irreparable harm must be likely—it is no longer sufficient to grant a preliminary injunction upon a mere showing of a "possibility" of irreparable harm when the other factors weigh heavily in favor of the plaintiff. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). Nonetheless, the Ninth Circuit still evaluates the likelihood of success on a "sliding scale." *Id.* A TRO or preliminary injunction may be warranted upon a showing of "serious questions going to the merits" as well as "a hardship balance that tips sharply toward the plaintiff," so long as the plaintiff is likely to suffer irreparable harm and the injunction or restraining order is in the public interest. *Id.*

Here, the Court finds that a TRO is appropriate based on the latter formulation of the test. The "hardship balance tips sharply toward the plaintiff" because he faces the imminent loss of his home, while Defendants face only a short delay in the foreclosure sale if the TRO is granted. The impending sale also plainly presents a likelihood of irreparable harm to Valentino. The Court finds that this case, concerning a private transaction, does not significantly implicate the public interest one way or the other. Finally, on the limited record available, the Court concludes that serious questions go to the merits of the case.

Defendants identify a number of purported deficiencies in Valentino's TRO application. The Court finds, however, that any technical deficiencies are likely the result of Valentino's apparently short notice of the impending sale. The Court therefore concludes that any such

deficiencies should be excused for the limited purpose of issuing a TRO, in order to maintain the status quo so that the parties may present more complete arguments. Valentino retains his burden of showing that a preliminary injunction should issue and must comply with all applicable rules and requirements in doing so.

Defendants also request that the Court require Valentino to give security of $1,000 per day until the preliminary injunction hearing, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. That rule requires that a "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." In this case, however, Defendants have provided no basis for the number they propose, and the Court is unable on the record before it to determine an appropriate value of Defendants' potential costs and damages. The Court therefore declines to impose a security at this time, and instructs the parties to address an appropriate security and any appropriate award of costs in their briefs regarding whether a preliminary injunction should issue.

## IV.   CONCLUSION

For the reasons stated above, Valentino's application for a TRO is GRANTED, and Defendants are ORDERED not to proceed with a foreclosure sale of Valentino's home until the Court determines whether a preliminary injunction should issue. The parties shall submit briefs and declarations in advance of the April 24, 2015 hearing as discussed above.

**IT IS SO ORDERED.**

Dated: April 14, 2015

JOSEPH C. SPERO
Chief Magistrate Judge