UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM VALENTINO,<br>    Plaintiff,<br>    v.<br>SELECT PORTFOLIO SERVICING, INC., et al.,<br>    Defendants. | Case No. 14-cv-05043-JCS<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION OF DENIAL OF PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 46 |

On April 24, 2015, the Court denied Plaintiff Abraham Valentino's request for a preliminary injunction under the California Homeowner Bill of Rights. *See* Order (dkt. 45). That statute bars a lender or mortgage servicer from "dual tracking" a request for loan modification—i.e., proceeding with foreclosure while evaluating the request—*only* if the borrower has submitted a "complete" application for modification, defined as "all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal Civ. Code § 2923.6(c), (h). The Court held that Valentino was not entitled to a preliminary injunction because he failed to show that he had submitted a complete and timely application. Order at 6−8. Specifically, Valentino provided no evidence that he had timely submitted profit and loss statements that Defendant Select Portfolio Servicing, Inc. ("SPS") had repeatedly requested.

Valentino now moves for reconsideration of the Court's previous Order. *See* Request for Reconsideration (dkt. 46). His request attaches profit and loss statements that he purportedly submitted with his initial modification application on June 30, 2015, *id.* Ex. A,[1] and an email from defense counsel dated December 5, 2014 stating that SPS "needs just two additional items": a signed and dated letter explaining Valentino's hardship, and a signed version of Valentino's

---

[1] Valentino's request for reconsideration asserts that this document was submitted, but there is no evidence to support that assertion. Counsel's arguments in legal memoranda are not evidence.

previously-submitted 2013 tax return, *id.* Ex. B.

Reconsideration of court orders is governed by Civil Local Rule 7-9. "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). Valentino neither sought nor obtained such leave. That alone is reason to deny his present request. Further, a party seeking *leave* to file a motion for reconsideration "must specifically show reasonable diligence in bringing the motion, and one of the following:"

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Valentino has made no such showing. His present request provides no explanation for why he failed to submit these documents in support of his motion for a preliminary injunction, despite Defendants' focus on the purportedly delinquent profit and loss statements in their briefs opposing an injunction. *See, e.g.*, dkt. 40. At the April 24, 2015 hearing on that motion, Valentino's counsel stated that he did not know what documents had been submitted by the November 30, 2014 extended deadline. There is no indication that counsel exercised any diligence in investigating that issue before the hearing. Thus, even if the Court construes Valentino's request for reconsideration as a request for *leave to file* a motion for reconsideration, leave to file would be denied for failure to satisfy any of the alternative grounds for reconsideration set forth in Civil Local Rule 7-9(b).

Finally, even if the Court were to consider the documents that Valentino now submits, those documents do not establish that Valentino is entitled to a preliminary injunction. Instead, the documents indicate that as of December 5, 2014 Valentino had not submitted a hardship letter or a signed 2013 tax return. Request for Reconsideration Ex. B. Multiple letters that SPS sent to

Valentino stated that he was required to submit a "Hardship Affidavit." *See* Weinberger Decl. (dkt. 40-1) Exs. 1−2. Several letters also stated that SPS required Valentino to submit signed tax returns. *Id.* Exs. 1−4. If he failed to do so, he did not submit a complete application, and has no claim under the Homeowner Bill of Rights. The December 5 email suggests that is the case. Request for Reconsideration Ex. B. Valentino has submitted no evidence to the contrary—either with his present request for reconsideration or in the context of his preliminary injunction motion.

In seeking a preliminary injunction, it was Valentino's burden to show either likelihood of success on the merits or serious questions going to the merits (among other required elements). The completeness of Valentino's modification application is crucial to any success on the merits, and has been at issue in this case since Defendants' first motion to dismiss (dkt. 7), filed November 21, 2014. Valentino has had ample opportunity to put evidence before the Court to show that his application was complete. He has consistently failed to do so. The request for reconsideration is DENIED.[2]

**IT IS SO ORDERED.**

Dated: May 4, 2015

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).